```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA             :
                                     :         No. 08 Cr. 291 (JFK)
     -against-                       :         No. 16 Civ. 4957 (JFK)
                                     :
JOSE SANTIAGO,                       :         OPINION & ORDER
                                     :
                        Defendant.   :
-------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/25/2021

APPEARANCES

FOR DEFENDANT JOSE SANTIAGO:
    Martin J. Siegel
    MARTIN JAY SIEGEL ATTORNEY AND COUNSELOR AT LAW

FOR THE UNITED STATES OF AMERICA:
    Micah F. Fergenson
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

Before the Court is Defendant-Petitioner Jose Santiago's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government concedes that, following the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), and the Second Circuit's decision in United States v. Barrett, 937 F.3d 126 (2d Cir. 2019), conspiracy to commit Hobbs Act robbery is not a crime of violence that can support a conviction under 18 U.S.C. § 924(c). Accordingly, the Government requests the Court enter an amended judgment vacating one improper count of conviction against Santiago but reimposing Santiago's original 11-year sentence. Santiago does not object to the Government's request.

**I.  Background**

On December 4, 2008, Santiago pleaded guilty to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 ("Count One"); four counts of substantive Hobbs Act robbery, each in violation of 18 U.S.C. §§ 1951 and 2 ("Counts Two through Five"); and using and brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 ("Count Six").  On October 29, 2010, the Court sentenced Santiago to a total of 11 years' imprisonment to be followed by three years of supervised release.

On June 23, 2016, Santiago filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 32.)  Consistent with Chief Judge McMahon's standing order, In re Petitions Under 28 U.S.C. §§ 2255 and 2241 in Light of Johnson v. United States, 16 Misc. 217 (S.D.N.Y. Jun. 8, 2016), the Court stayed consideration of Santiago's habeas petition pending the disposition of certain cases addressing the constitutionality of the residual clause of 18 U.S.C. § 924(c). (ECF No. 34.)

In or about February 2018, Santiago was released from prison.  On April 14, 2020, Santiago filed a motion requesting early termination of his term of supervised release.  (ECF No. 36.)  The Government consented to Santiago's request, (ECF No.

38), and on April 22, 2020, the Court terminated Santiago's term of supervised release effective immediately, (ECF No. 39).

On June 3, 2020, the Court ordered the Government to explain whether the stay of Santiago's habeas action should be lifted. (ECF No. 41.)  On June 25, 2020, the Government filed a letter agreeing with Santiago's challenge to Count Six, which charged him under 18 U.S.C. § 924(c) with using and brandishing a firearm during and in relation to the Hobbs Act robbery conspiracy charged in Count One.  Accordingly, in light of United States v. Davis and United States v. Barrett, the Government agreed that Santiago's conviction on Count Six can no longer stand because conspiracy to commit Hobbs Act robbery qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3) only under the "residual" or "risk-of-force" clause of that statute, which has now been declared unconstitutionally vague.  The Government requested the Court enter an amended judgment reflecting Santiago's conviction on Counts One through Five, and reimposing, as the sentence for Counts One through Five, the original 11-year sentence previously imposed on Counts One through Six.  On July 14, 2020, Santiago's counsel filed a letter consenting to the Government's request. (ECF No. 45.)

**II. Discussion**

    **A. Legal Standard**

Pursuant to 28 U.S.C. § 2255, a prisoner sentenced in federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the prisoner claims that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

    **B. Analysis**

As the government concedes, the crime charged in Count Six no longer constitutes a crime of violence, and thus, Santiago's conviction on Count Six must be vacated. See Davis, 139 S. Ct. at 2324; see also United States v. Chen Teng, No. 03 Cr. 567 (DC), 2020 WL 1813658, at *1 (S.D.N.Y. Apr. 8, 2020) (vacating similar count of conviction).

Accordingly, Santiago's conviction on Count Six is VACATED, Count Six is DISMISSED, and Santiago is resentenced to a total of 11 years' imprisonment and two years' supervised release on the remaining counts. The Court will enter an amended judgment accordingly. If Santiago has already paid his mandatory special assessment on Count Six, he is entitled to a refund of $100 and his counsel is to contact the Court's finance department to

4

provide Santiago's remittance information so that he may receive the refund.

### III.  Conclusion

For the reasons set forth above, Defendant Jose Santiago's motion to vacate, set aside, or correct his sentence is GRANTED to the extent provided above.

The Clerk of Court is directed to terminate the motion docketed at ECF No. 32 in criminal case 08-CR-00291-JFK-2 and close civil case 16-CV-04957-JFK.

**SO ORDERED.**

Dated:  New York, New York
       March 25, 2021

                                         John F. Keenan
                                United States District Judge